```
             IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF MONTANA

                    GREAT FALLS DIVISION
               _____

JODY L. KELLER,               )
                              )
          Plaintiff,          )     CV-09-75-GF-SEH-RKS
                              )
     vs.                      )
                              )     **FINDINGS AND**
MICHAEL J. ASTRUE,            )     **RECOMMENDATIONS OF**
COMMISSIONER OF SOCIAL        )     **MAGISTRATE JUDGE**
SECURITY,                     )
                              )
          Defendant.          )
               _____
```

Plaintiff, Ms. Jody L. Keller ("Ms. Keller"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 7.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 11 & 14.) The motions are fully briefed and submitted.

## I. PROCEDURAL BACKGROUND

Ms. Keller filed for DIB and SSI on November 13, 2006, alleging a disability onset date of October 9, 2006. Tr. at 114-123. Her claim was denied on December 28, 2006 at the administrative level, Id. at 65-68, and again after a request for reconsideration, on February 26, 2007. Id. at 69-70 and 71-72. Ms. Keller timely requested a hearing on March 22, 2007. Id. at 74. The hearing was held February 10, 2009. Id. at 23-59.

The Administrative Law Judge's ("ALJ") decision denying SSI and DIB benefits was issued on April 30, 2009. Id. at 8-211. The Appeals Council denied

review on June 26, 2009, Id. at 1-3, making the ALJ's April 30, 2009 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and

detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.     BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc.

Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)).  If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated.  Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity.  Id.  At step two, the claimant must demonstrate that she has a severe impairment.  Id.  At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments.  Id.  If that case is made, at step five the burden shifts to the Commissioner to prove the

claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). <u>Jones</u>, 760 F.2d at 995.

**IV. DISCUSSION**

The ALJ found Ms. Keller was not disabled during the relevant period for the purposes of Social Security because despite Ms. Keller 's limitations and her inability to perform her past work, her RFC allowed her to perform other jobs that exist in that national economy. Tr. at 20. Ms. Keller argues the ALJ erred when he 1) found Ms. Keller not entirely credible, and 2) failed to consider the entire record. Pltf.'s br. at 5.

The Commissioner argues that substantial evidence supports all the ALJ's determinations.

**A. Ms. Keller 's Credibility**

Ms. Keller argues the ALJ erred in finding her not entirely credible regarding her limitation testimony. Pltf.'s br. at 5-6.

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834).

An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004). Inconsistencies in testimony may also be factored in such an assessment. Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ must also consider the factors set forth in SSR 88-13 including:

A. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

B. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

C. Type, dosage, effectiveness, and adverse side-effects of any pain medication;

D. Treatment, other than medication, for relief of pain;

E. Functional restrictions; and

F. The Claimant's daily activities.

SSR 88-13; 20 C.F.R. § 416.929(c).

If, after engaging in this analysis, the ALJ rejects a claimant's subjective testimony of the severity of symptoms, he must cite specific, clear and convincing reasons for doing so. Smolen, at 1283-84 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

In Ms. Keller's case, the ALJ gave clear and convincing reasons to find Ms. Keller not entirely credible. First, the ALJ noted Plaintiff reported

self-isolation, an inability to care for her children and felt overwhelmed in crowds. Tr. 272, 274,311. However, Plaintiff's activities were not as limited as she indicated. Plaintiff went shopping, visited her parents, attended her son's football games, had a boyfriend and cared for her two sons. Tr. 14-15, 18, 46-47, 145, 147-149, 162, 165. Plaintiff also indicated that her rheumatoid arthritis and fibromyalgia left were debilitating. Plaintiff however, helped her nephew move, went camping and fishing with her sons, did housework, laundry and cared for her sons and her cats. Tr. 16-17, 32, 46-47, 144-47, 162, 247, 287, 304, 308. The AJL considered medical evidence when contemplating Plaintiff's credibility. Tr. 17. Plaintiff complained of disabling mental limitations but performed well on mental status examination. Tr. 18. Inconsistencies with testimony and objective medical findings are sufficient to discredit claimant's subjective testimony. <u>Carmickle v. Commissioner of Social Security</u>, 533 F.3d 1155, 1161 (9th Cir. 2008). The

ALJ noted that Ms. Keller did not take her medications as prescribed. Tr. at 25, 226, 252. Further, the ALJ found Ms. Keller infrequently received medical treatment for her mental and physical conditions. Tr. at 17-18; see Parra v. Astrue, 481 F.3d 742, 750-751 (9th Cir. 2007)(evidence of conservative treatment is sufficient to discount claimant's testimony of disabling impairments). Even though Plaintiff had Medicaid coverage, she did not seek treatment from Dr. Arpon for more than six months after Dr. Johnson's recommendation. Tr. 290, 304-5, 308.

The ALJ did not err in finding Ms. Keller not entirely credible.

## B. Physician Opinions

Ms. Keller argues the ALJ rejected the opinions of treating physicians Dr. Booth, Dr. Adams and Dr. Arpon and GAF scores from Dr. Arpon, Dr. Johnson and Nurse Lockwood. Pltf.'s br. 8-19.

An ALJ may only disregard the uncontradicted opinion of a treating physician by providing clear and convincing reasons for doing so. Lester v. Chater, 81

F.3d 821, 830 (9th Cir. 1996) (citations omitted). If contradicted, an opinion may be properly discounted only by providing specific and legitimate reasons supported by substantial evidence in the record. Id.

### 1. Dr. Adams

Mr. Keller argues the ALJ failed to properly credit Dr. Adams' diagnosis of rheumatoid arthritis. Pltf's. br. at 12, 14. Ms. Keller overstates Dr. Adams' diagnosis. In discussing Ms. Keller's RFC, the ALJ noted that Ms. Keller did not have active rheumatoid arthritis symptoms, (TR. 14) and had little or no joint inflamation, Tr. 17. The ALJ did not err in his assessment of RFC in light of Dr. Adams' diagnosis.

### 2. Dr. Booth

Ms. Keller seems to argue the ALJ should have found that she was disabled under the Act based upon Dr. Booth's August 2007 opinion. Pltf's. br. At 12. The ALJ noted that Dr. Booth contradicted his conclusory note saying Ms. Keller was not able to work by telling her he would not render an opinion on

disability. Tr. 19. The ALJ found that Dr. Booth's statement was not supported by Dr. Booth's own examination and explanation or by the conclusions of other treating physicians, Tr. 18, 19, including Dr. Peterson and Dr. Adams. The ALJ did not err in his evaluation of Dr. Booth's treatment records. Bray v. Commissioner, 554 F3d, 1219, 1228-9 (9th Cir. 2009).

### 3. Dr. Arpon

Ms. Keller argues the ALJ should have credited Dr. Arpon's opinion that she was unable to work. Pltf.'s br. at 12, 14. Dr. Dia Arpon, M.D., saw Ms. Keller and opined that Ms. Keller was unable to work. The ALJ found that opinion conclusory and that it was inconsistent with Dr. Arpon's own examination which documented only limited problems. Tr. 19. The ALJ then, in discussing Dr. Arpon's opinion, summarized the facts the ALJ's decision discusses in greater detail elsewhere, Tr. 16-17. The ALJ also noted Ms. Keller's lack of extensive mental health treatment records. Although the ALJ's analysis of Dr. Arpon's records is a closer call, it cannot be said that he

erred in giving little weight to the testimony in light of the record as a whole. These are specific and legitimate reasons, each is supported in the record and the ALJ did not err in assessing their significance as a whole.

### 4. GAF Scores

Ms. Keller argues that she should be rendered disabled because of the three GAF scores, Pltf.'s br. at 18. The ALJ failed to mention the Global Assessment of Functioning scores. The ALJ is not required to discuss the numeric value of each medical test or a assessment. Three separate medical professionals scored Ms. Keller's functioning. The scores range from Dr. Arpon's 50, Dr. Peterson's 45 and Ms. Lockwood's 35. Ms. Lockwood is a nurse who met the Plaintiff once. As a nurse, she is not an acceptable medical source and cannot offer a medical opinion in this context. 20 C.F.R. §404.1514(d)(I). SSR 06-03p. The ALJ overall gave Dr. Arpon's opinion of disability little weight, for valid reasons as discussed above. The ALJ did not mention the GAF score specifically but

obviously and necessarily discounted it with the rest of Dr. Arpon's opinions.  The ALJ did not mention Dr. Peterson's assessment of Ms. Keller that led to his 45 score.  However, the ALJ, as seen above, did review Ms. Keller's reported symptoms and their effect on her RFC very thoroughly.  His lack of discussion of Dr. Peterson's scoring specifically does not detract from the fact that his conclusions are at least a rational interpretation of the record as a whole.  Thomas v. Barnhart, 28 F.3d 947, 954 (9th Cir. 2002).

### V. CONCLUSION

The ALJ did not err as a matter of law and his conclusions are supported by substantial evidence.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Ms. Keller 's Motion for Summary Judgment (C.D. 11) should be **DENIED**;

2. The Commissioner's Motion for Summary Judgment (C.D. 14) should be **GRANTED**.

### VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 14th day of April, 2010.

>/s/ Keith Strong
> Keith Strong
> United States Magistrate Judge